OPINION
Mark Stansell appeals from a judgment awarding permanent custody of his child, Corey Stansell, to the Montgomery County Children Services Board. Stansell contends that the trial court erred in finding that the child could not be placed with relatives, and by permitting the Guardian Ad Litem to file a supplemental report.
From our review of the record, we conclude that the trial court's finding that no relatives were available for placement was supported by the evidence. We also conclude that Stansell failed to preserve the issue of the GAL's supplemental report for review. Accordingly, the judgment of the trial court is Affirmed.
 I
Mark Stansell is the father of Corey Stansell, a minor born June 11, 1990. Although Corey's mother was a party in the action, she consented to adoption of the child and is not a party to this appeal. In October, 1991, Montgomery County Children Services Board (MCCSB) filed a complaint alleging that Corey was dependent and seeking temporary custody of Corey. Corey was eventually placed in long-term temporary foster care in 1993. In September, 1994, MCCSB sought permanent custody of Corey. A hearing was held in November, 1997 and February, 1998. In August, 1998, the magistrate issued a decision finding Corey to be dependent and granting permanent custody to MCCSB.
Stansell filed objections to the magistrate's report. He later filed supplemental objections. In response to one of Stansell's objections, the trial court required the GAL to file a supplemental report regarding the child's wishes with respect to permanent custody. The GAL then filed a supplemental report, in compliance with the trial court's directive. The trial court thereafter overruled Stansell's objections to the magistrate's decision, and adopted it as the judgment of the court. From this judgment, Stansell appeals.
 II
Stansell's First Assignment of Error states as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT NO SUITABLE MEMBER OF THE CHILD'S EXTENDED FAMILY IS AVAILABLE TO ACCEPT CUSTODY AND THAT MONTGOMERY COUNTY CHILDREN SERVICES BOARD ("THE AGENCY") MADE A DILIGENT EFFORT TO LOCATE THE SAME.
Stansell contends that the trial court erred in finding that "there are no relatives willing or able to accept legal custody of the child." He also contends that MCCSB failed to make an effort to locate any relatives willing to accept custody.
A trial court has broad discretion in custody disputes, and a reviewing court's authority to reverse the trial court is limited to situations where the trial court's decision is against the manifest weight of the evidence. Roach v. Roach (1992), 79 Ohio App.3d 194,208; Amiri v. Amiri (Dec. 31, 1998), Montgomery App. No. 17276, unreported; Bell v. Bell (June 5, 1998), Clark App. No. 97-CA-105, unreported. In reviewing an argument based on the weight of the evidence, the appellate court cannot reverse judgments supported by some competent, credible evidence going to all the essential elements of the case. Bawidamann v. Bawidamann
(1989), 63 Ohio App.3d 691, 695. The Ohio Supreme Court has recognized that the deference to be accorded to a trial court's assessment of conflicting evidence in child custody disputes is especially great, because the credibility issue is "even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis v. Flickinger (1997), 77 Ohio St.3d 415,419.
According to the transcript, relatives of Corey's mother were contacted by MCCSB regarding relative placement of the child. However, none of the relatives responded to MCCSB. The MCCSB case worker also testified that she received a letter from Stansell providing her with names of his relatives to contact. Again, although letters were sent, none of the relatives responded. The case worker could not remember the names of the relatives contacted.
Stansell testified that MCCSB never contacted all of his family. However, his testimony is somewhat confusing. It appears that he concedes that his mother and three brothers had been contacted at least as of the date of the February, 1998 hearing. Furthermore, although he named relatives for possible placement, he did not know how to contact any of them, and he did not claim that they would be willing to accept custody of the child. In fact, no relatives were identified as willing to accept custody.
We conclude that there is evidence in the record to support a finding that MCCSB did attempt to contact relatives for possible placement. The record also supports a finding that none of the relatives named by Stansell or by the child's mother responded to inquiries regarding placement. This finding is further bolstered by Stansell's inability to produce any relative willing to assume custody of the child as of the date of the hearing. In light of the evidence in the record, we cannot say that MCCSB failed to attempt to locate relatives. Furthermore, based on the record before us, we cannot say that the trial court's finding that there were no relatives available for placement is against the manifest weight of the evidence.
Stansell's First Assignment of Error is overruled.
 III
Stansell's Second Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADMITTING THE SUPPLEMENTAL REPORT OF THE GUARDIAN-AD-LITEM WITHOUT AN OPPORTUNITY FOR CROSS-EXAMINATION OR HEARING OF ANY SORT THEREON IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE ONE, O.R.C. 16 OF THE OHIO CONSTITUTION.
Stansell contends that the trial court erred by permitting the GAL to introduce a supplemental report after the date of the final hearing and without permitting him to cross-examine the GAL regarding the report.
We need not address this issue. Stansell has failed to preserve this issue for appellate review, because he failed to make any effort to cross-examine the GAL, or to object to the trial court's consideration of the report and its supplement.Merillat v. Fulton Cty. (1991), 73 Ohio App.3d 459, 463.
Stansell's Second Assignment of Error is overruled.
 IV
Both of Stansell's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Andrew T. French
J. Allen Wilmes
Timothy VanSickle
Elizabeth Gorman
Anthony Capizzi
G. Douglas Herdman
Hon. Nick Kuntz